NAPOLEON PLOUFFE *vs.* TAFT-PEIRCE MANUFACTURING COMPANY.

MAY 16, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   This is a petition for review brought under the provisions of the workmen's compensation act, general laws 1938, chapter 300, as amended, by an employee against his employer in order to have determined the amount of compensation now due him.   The petition was heard in the su-

perior court by a justice thereof, who entered a decree fixing compensation, and from the entry of that decree the respondent prosecuted its appeal to this court.

Claiming that it desires to raise only a question of law by its appeal, the respondent failed to request or to file and have allowed a transcript of any of the testimony taken in this cause in the superior court. It has been stated by this court that it is the legislative intent that equity practice should be followed in proceedings under the workmen's compensation act. *Jules Desurmont Worsted Co.* v. *Julian,* 56 R. I. 97. Furthermore, this court has repeatedly held that in equity an appeal from a decree, final in effect, which is based in whole or in part on oral testimony, cannot be prosecuted in this court without a transcript of the testimony or so much thereof as may be agreed to by the parties. *Purcell* v. *John Hancock Mutual Life Ins. Co.,* 56 R. I. 93; *Corbett* v. *Penhall,* 58 R. I. 185; *Davis* v. *Perrino,* 60 R. I. 145; *Austin* v. *Newport Trust Co.,* 65 R. I. 87. The statute upon which these decisions are based, now G. L. 1938, chap. 541, §§1-3, applies to a "proceeding following the course of equity", as well as to any cause in equity. Therefore the requirements of this statute, prescribing the mode of taking and perfecting an appeal in equity from a decree entered in the superior court, are conditions precedent to the taking and perfecting of an appeal like the one here. In the circumstances we are of the opinion that the lack of any transcript in the instant cause raises a jurisdictional question and that the respondent's appeal is not properly before us.

The reason for requiring a transcript in an appeal of this kind is plain. Our obligation is set out in G. L. 1938, chap. 300, art. III, §10, as follows: "The supreme court after hearing any appeal shall determine the same, and affirm, reverse or modify the decree appealed from, and may itself take, or cause to be taken by the superior court, such further proceedings as shall seem just." Unless we have the transcript of the testimony taken in the superior court, or at least so much thereof as the parties may agree to as being necessary in view

of the questions raised, there is no basis upon which we may determine whether the findings of fact are supported by legal evidence.

Even if we were to entertain this appeal, a transcript would be necessary in order to determine whether there was an error of law. The decree, after finding that the petitioner was entitled to compensation on the basis of partial incapacity, provided as follows: "b. As the Court does not know what this petitioner can earn in dollars and cents, compensation should be at the maximum rate of $18.00 per week until there is a basis for modification." Obviously the statement that "the Court does not know what this petitioner can earn in dollars and cents" does not necessarily prove that such conclusion was correctly made from the evidence. Conceivably the transcript might show the contrary. We should not be required to accept as correct the mere statement of a conclusion of fact in a decree, which is challenged, and we should not be required to speculate thereon in order to make a determination under the statute.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Walter H. Sharkey,* for petitioner.

*Sisson, Fletcher, Worrell & Hodge, Lee A. Worrell,* for respondent.