NAPOLEON PLOUFFE *vs.* THE TAFT-PEIRCE MANUFACTURING COMPANY.

JULY 23, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

For former opinion, see 72 R. I. 487.

PER CURIAM. After the filing of our opinion in this cause the respondent by leave of court filed a motion for reargument.

In support of this motion it refers to a part of general laws 1938, chapter 300, article III, §7, which deals with the method of taking appeals from the superior court to this court in compensation cases. The particular portion of that section which the respondent contends is applicable is as follows: "(a) Within 10 days after the entry of said final decree he shall file a claim of appeal, and, if transcript of the testimony and rulings or any part thereof be desired, a written request therefor." The general principles governing the necessity of filing a transcript of the testimony in such

a cause as the instant one was discussed by us in our opinion. However, as the respondent is emphasizing the above-quoted portion of §7, *supra,* we will discuss it briefly.

The respondent apparently is relying on the phrase, "if transcript of the testimony and rulings or any part thereof be desired", as its reason for not obtaining and filing a transcript. It is our opinion that this phrase is of no help to the respondent in this cause. If a pure question of law, depending in no way on any evidence or finding of fact, was raised by an appeal, it may be that under the statute no transcript would be necessary. Obviously such a question of law would rarely be raised and we do not have one here. Evidently the legislature, in fixing the provisions for appeal, had in mind the case that ordinarily would be presented. However, if any question of fact is in controversy or has to be determined, then a transcript, or at least so much thereof as the parties may agree to, is necessary on appeal in order that we may see whether or not there was any legal evidence to support the finding of the trial justice on such question. Findings of fact of a trial justice are conclusive only in the absence of fraud and if supported by legal evidence. If there is no such evidence then its absence amounts to an error of law which will be reviewed on appeal. *Jillson* v. *Ross,* 38 R. I. 145. . In order to decide the necessary preliminary question of whether or not, in the circumstances, an error of law of this latter type is present we must, in order to perform our duty, be able to examine the transcript of the testimony to see if there is evidence to support the finding.

It is plain that in the above-quoted phrase the words, "if transcript . . . be desired", cannot be given the broad construction urged by the respondent. In our judgment it was not the legislative intent that an appealing party alone should have a free hand in deciding whether or not we are to have an opportunity to examine the testimony and determine for ourselves if there was any legal evidence to support the findings of the trial justice. It is clear that

the word "desired" has the meaning of needed or required. In fact twice later in said §7, *supra,* we find that the words "as may be required" are used in connection with the necessity of filing a transcript of testimony, or at least part thereof, in order to perfect the appeal. This bears out our view of the legislative intent. In the instant cause no transcript whatever was filed.

In the circumstances in this cause we see no reason for discussing the second portion of respondent's motion, which is based on the assumption that the appeal should be entertained. This assumption we cannot accept as we see no reason for modifying our original opinion.

Motion denied.

*Walter H. Sharkey,* for petitioner.

*Sisson, Fletcher, Worrell & Hodge, Lee A. Worrell,* for respondent.