NAPOLEON PLOUFFE *vs.* THE TAFT-PEIRCE MANUFACTURING COMPANY.

JUNE 12, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an employee's petition under the workmen's compensation act, general laws 1938, chapter 300, article III, §6, to have his employer adjudged in contempt for willful failure or neglect to obey the provisions of a decree of the superior court awarding him maximum compensation of $18 per week for partial incapacity in accordance with art. II, §11, of said act as amended. From a decree of the superior court denying the petition, the employee has appealed to this court.

The facts are these. On February 17, 1942 the employee received an injury by accident arising out of and in the course of his employment. The respondent paid him compensation of $20 a week for total incapacity until March 13, 1943 when he returned to work. On December 10, 1943 he ceased work and later was found by the superior court to be partially incapacitated as of that date. In accordance with such finding a final decree was entered on June 14, 1946 containing the following provisions: "a. The petitioner is entitled to compensation on the basis of partial incapacity from December 10, 1943 and for medical expenses under the Act. b. As the Court does not know what this petitioner can earn in dollars and cents, compensation should be at the maximum rate of $18.00 per week until there is a basis for modification." At that time art. II, §11, provided for such a maximum.

The respondent, hereinafter referred to as the employer, appealed from that decree and its appeal was dismissed by this court for failure to comply fully with the provisions of art. III, §7, governing appeals in proceedings under the workmen's compensation act. *Plouffe* v. *Taft-Peirce Mfg. Co.*, 72 R. I. 487. The employer thereafter filed a motion for leave to reargue which was denied. *Id.*, 73 R. I. 215.

On August 16, 1948 the employer filed with the director of labor a petition to review the decree of June 14, 1946 on the ground that the employee's incapacity had *ended or diminished*. That petition was denied by the director and the employer appealed to the superior court. During the pendency of the appeal the employee continued to receive $18 a week. Such appeal, however, was never heard by the superior court, as counsel for the employer conceded "that the employee respondent remains partially incapacitated for work" and agreed to the entry of a decree which provided: "That the petitioner shall pay compensation to the respondent for his partial incapacity for work in accordance with the provisions of Article II, Section 11, of the Workmen's Compensation Act."

By agreement of the parties a decree to that effect was entered on January 14, 1949. At that time the act provided compensation for maximum partial incapacity at the rate of $18 per week. That decree, however, did not specify any amount. The employee in agreeing thereto nevertheless considered that it did no more than preserve the *status quo* established by the decree of June 14, 1946 which expressly provided for $18. And apparently the employer so understood it at first, because until the week ending January 26, 1949 it continued to pay that amount. On February 2, however, and for each of the next four weeks it tendered the employee a check for $13.

The employee refused those checks on the ground that they were not in compliance with the decree of January 14, 1949. He contended it should be construed in the light of the proceedings which gave rise to it as a result of the filing of the petition by the employer to review the decree of June 14, 1946 and its failure to prosecute its appeal from the decision of the director of labor. When the employer refused to accept such construction the employee, on August 29, 1949, filed a motion to amend the decree of January 14, 1949, but such motion was denied and dismissed on October 11, 1949 by the superior court for lack of jurisdiction due to the fact that more than six months had elapsed since such decree was entered. On June 26, 1950 he filed another motion to clarify the decree of January 14, 1949 but that motion was also denied on the same ground.

The employer thereafter continued to refuse to make payments of $18 a week contending that by virtue of the decree of January 14, 1949 it was obligated to pay only the maximum partial incapacity compensation provided by the act *at the time of the accident* on February 17, 1942 which was then $13 per week. The employee on the other hand considered that point res judicata by the opinion in *Plouffe v. Taft-Peirce Mfg. Co., supra,* and on March 26, 1952 he accordingly filed the instant petition to adjudge the em-

ployer in contempt for failure to abide by the decree of January 14, 1949 as he construed it.

At the hearing in the superior court on such petition no evidence was presented. The trial justice acted solely on the petition and answer and on oral statements of counsel as to the facts and the law applicable thereto. On that basis he denied the petition and entered a decree May 8, 1952 in which he found that the decree of January 14, 1949 was controlling; that $13 a week was the maximum compensation for partial incapacity at the time of the employee's injury; that this was the amount properly payable under that decree as he construed it; and that since the employer had tendered such sum weekly and was at all times willing to pay that amount it was not in contempt.

The employee appealed from such decree and contended here that it was erroneous because in substance it undertook to determine a matter which was not before the court on his petition to adjudge in contempt, and further that the question of what was the maximum *amount* of partial compensation to which he was entitled was res judicata by virtue of the opinion in *Plouffe* v. *Taft-Peirce Mfg. Co., supra.*

We cannot agree entirely with those contentions as they have been argued, but upon consideration of the record we are nevertheless of the opinion that the trial justice erred in denying and dismissing the petition. In what respect he erred will appear from the following discussion of the facts and travel of the whole cause as disclosed in the record. It will be helpful if we first point out the chronological sequence of the happening of the accident, the ascertainment of the employee's partial incapacity, and the enactment and effective date of a certain amendment of art. II, §11, providing for maximum compensation for partial incapacity.

On the date of the accident, February 17, 1942, the amount provided by that section was $13 a week. On May 9, 1942 it was amended to provide $18 a week but the

amendment was not to become effective until October 1, 1942. Public laws 1942, chap. 1246, section 1. From the date of the accident to March 13, 1943, except for a brief interval when he returned to work, the employee by agreement was paid compensation for total incapacity. Thereafter he tried to work, but on June 1, 1945 he filed with the department of labor a petition for review of his injury on the ground that it had become aggravated. The director of labor granted the petition and awarded him compensation of $20 a week for total incapacity.

The employer appealed to the superior court which held that the employee was not totally but partially incapacitated as of December 10, 1943, and, as above stated, awarded him $18 a week by the decree entered June 14, 1946. In other words, in the decree as well as in his rescript filed May 27, 1946 the trial justice expressly found that such amount was provided by the statute.

Apparently the employer took exception to that finding, as on July 10, 1946 it filed nine reasons of appeal from the decree among which were several alleging the illegality of the amount of the compensation. There was no suggestion then that the trial justice had made a mistake and had inadvertently incorporated the wrong amount in his rescript. The employer had ample time from the day the rescript was filed and before the papers were certified to this court to call such mistake or inadvertence, if it deemed it such, to the attention of the trial justice to have him correct it. From the fact that it did not do this but rather treated that matter as a justiciable question proper for this court to review under its reasons of appeal, we must assume that it was a ruling by the trial justice on a phase of the controversy before him.

This being so, if the decree had not been appealed from that precise question would have been res judicata. However, the employer did claim an appeal, but did not perfect it in accordance with the requirements of the statute necessary to give this court jurisdiction, and we therefore dis-

missed it. *Plouffe* v. *Taft-Peirce Mfg. Co., supra.* After our refusal to grant reargument and after the remanding of the cause to the superior court, the effect was to close the door on further inquiry as to whether the proper amount was that provided at the time of the accident or at the time the partial incapacity was first determined to exist, namely, December 10, 1943. Thereafter a petition for review would of course lie for reasons specified in art. III, §13, as amended, but not to revise the decree for alleged illegality of the amount fixed therein. As between the parties the adoption of $18 as the allowable maximum at the time partial incapacity was first ascertained became the law of the case.

But the employer argues that in *Vick* v. *Aubin*, 73 R. I. 508, decided March 22, 1948, this court held that on a petition for review the provisions of the statute at the time of the accident govern, and not those at the time of the decision. Assuming that case is authority for the employer's contention based on the facts here, nevertheless it could not affect the decision which had been made in any prior case wherein that same question had been finally adjudicated. Moreover, aside from that fundamental principle, it certainly would be incongruous if the legislature intended by art. III, §13, which authorizes petitions for review to be filed in the office of the director of labor, to vest the director with authority to review a decree of the superior court for alleged illegality.

What then under that view is the scope of the authority of the superior court on the employer's petition for review which resulted in the decree of January 14, 1949? In our opinion, if that petition had proceeded to a hearing on the merits the only question before the trial justice would have been whether the partial incapacity had diminished or ended. If he found that it had not ended and no evidence was presented as to what the employee could earn to enable him to fix the actual amount of compensation, then he would be bound by the prior decree holding that the maximum was payable and that such maximum was $18 a

week. To allow him to substitute the maximum of $13 a week as provided by the statute at the time of the accident would be in effect to empower him to reverse the prior decree for an alleged error of law which was the subject matter of the employer's abortive appeal to this court.

Where, as in the case at bar, an accident results in total incapacity and there has been a return to work followed by a recurrence of such incapacity, and where a finding thereafter is made of partial incapacity subsequent to an amendment of the statute providing an increase from $13 to $18 per week as the maximum amount allowable as compensation for such incapacity, and where the trial justice adopts as the governing statute that which existed at the time he found partial incapacity, a justiciable question may be raised as to the correctness of such decision. The employer presented such a question in its reasons of appeal for determination by this court, the only tribunal vested with authority to revise and correct errors of the superior court. Clearly, a question of that kind is not a matter within the purview of art. III, §13, for either the director of labor or the superior court to determine on a petition for review.

The employer's contention that an alleged error of law of this kind can be corrected on a petition for review under that section would lead to another incongruous result. If on the employer's petition the director of labor had changed the compensation for partial incapacity from $18 to $13 per week and no appeal was taken from his decision, the effect would be that the director's order would reverse a decree of the superior court for an alleged error of law involved in the court's application of the pertinent statute to the facts of the case. In the circumstances here such a result would be even more incongruous, because recourse to a petition for review to the director would thus enable the employer to circumvent this court's dismissal of its appeal which raised the selfsame question. In our opinion the legislature never intended that any such action could be possible under art. III, §13. Nor was it intended to afford litigants

an indirect avenue of appeal within the superior court whereby that court could revise and correct alleged errors of law in its own decrees.

How then shall the decree of January 14, 1949 be construed? If the employer's construction were to be adopted it would leave the superior court exercising in effect appellate and revisory jurisdiction over its own decrees. In the light of the circumstances in which such decree was agreed to by the parties we do not think that is a reasonable construction. On the contrary we are of the opinion that it should be construed as in effect continuing the findings of the decree of June 14, 1946 rather than changing them in any particular.

In denying the instant petition to adjudge in contempt the trial justice erred in adopting the employer's construction. In our view the decree of January 14, 1949 as thus construed would be void as in excess of the superior court's jurisdiction on a petition for review under art. III, §13. But it may stand and be given effect under the employee's construction that it did no more than preserve the *status quo*. We think that is a reasonable construction and the only proper one in view of the course of the proceedings which led to the entry of the decree.

The decree as thus construed continued the obligation of the employer to pay the employee $18 a week as long as it is not made known to the satisfaction of the superior court what he could earn while partially incapacitated. The employer, therefore, had no right to tender only $13 a week as full payment even though that was the maximum amount prescribed by the act at the time of the accident and even though it felt an error had been made in fixing the amount at $18 in the decree of June 14, 1946.

The employer argues that this is an inequitable result and since workmen's compensation cases follow the course of equity, such inequity should not be enforced by the court through contempt proceedings. In our opinion there is in reality no sound basis for such an argument. It is

grounded upon the gratuitous premise that the trial justice by mistake or inadvertence incorporated in the decree of June 14, 1946 the amount provided by the statute at the time he determined the employee became partially incapacitated rather than the amount which was thereby provided at the time of the accident, and that equity may and will at any time correct such a mistake. The fact is that this was a part of the trial justice's decision which was expressly stated in his rescript and was later specifically incorporated in the decree. From that decree the employer claimed an appeal in which it made this very point a justiciable question for this court's determination.

Whether the trial justice erred is a question which is no longer open. Such conclusion cannot be deemed inequitable unless the ancient and firmly-established doctrine of res judicata is to be condemned as a cloak for the concealment of inequity. Nor is the instant petition to compel the employer to pay lawfully decreed compensation equivalent to invoking equitable jurisdiction to enforce unjust enrichment of the employee. A petition for this specific purpose is an express statutory remedy which petitioner is entitled to invoke as of right and not by grace of a court of equity. Neither the superior court nor this court can deny an employee such remedy if he can show that the employer has willfully failed or neglected to comply with a lawful decree which is in effect.

In the consideration of such a petition it is no part of the court's duty, and it is without authority, to revise and correct an alleged error in the decree which the petition seeks to enforce. While in such a proceeding, as in other proceedings under the workmen's compensation act, the court follows the course of equity, it does not and cannot set aside the positive law and indulge in inquiries, at the request of either party, as to the validity of the finally adjudicated decree which the petition seeks to have enforced.

In the case at bar that was erroneously done. The trial justice quite properly inquired into the question of what

decree governed the rights of the parties. He also properly found that it was the decree of January 14, 1949. However, he erred when he construed that decree as providing for maximum compensation for partial incapacity of $13 per week in accordance with art. II, §11, as it stood at the time of the accident rather than at the time the employee was first determined to be partially incapacitated, and in refusing the relief specifically prayed for in the last paragraph of the petition.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for entry of a decree in accordance with this opinion.

*Walter H. Sharkey,* for petitioner.

*Worrell & Hodge, Lee A. Worrell,* for respondent.